FRANK ROSENBERG, Appellant, v. HILDA STEINER ET AL., Respondents, No. 41457—228 S. W. (2d) 806.

Division One, March 13, 1950.

Rehearing Denied, April 10, 1950.

*Harry Gershenson* for appellant.

*Shifrin & Shifrin* and *Edwin G. Shifrin* for respondents.

CLARK, P. J.—Plaintiff sued the heirs and beneficiaries in the will of Samuel Rosenberg, deceased, ▮▮▮ praying for specific performance of an alleged oral agreement whereby, plaintiff alleged, in consideration of personal services rendered and to be rendered, deceased promised to devise and bequeath one-fourth of his estate to plaintiff.

No witness testified that he actually saw plaintiff render any service for deceased, except one said that several times plaintiff called at a drug store and got medicine that deceased had ordered. Several witnesses for plaintiff testified to statements made by deceased to the effect that plaintiff was good to him and did for him anything he asked him to do. Several witnesses for plaintiff testified that deceased was in ill health for some time before his death. One witness said he saw plaintiff and deceased together many times and that deceased told the witness that plaintiff at one time helped him bathe and at another time rubbed his back with alcohol. Two others said they saw plaintiff and deceased together often.

For defendants, several witnesses testified that they saw deceased often, some of them said daily; that he was active until a short time before his death, drove his own car and transacted his business and personal affairs; and that they never saw plaintiff with him or perform any services for him.

There was no direct proof of the alleged oral agreement. A number of witnesses testified that deceased made statements to the effect that his uncle, the plaintiff, needed financial help; that plaintiff had been

good to him; that he would like to make provision for him; that he had made provision for him; and that he had left him one-fourth of his estate.

■ Cases involving problems similar to those in the instant case have frequently come to this court. We have often stated the requirements which a plaintiff must meet to recover in such a case; nowhere more fully or more accurately than in Walker v. Bohannan, 243 Mo. 119, 147 S. W. 1024.

Plaintiff's proof in the instant case falls short of the essential requirements laid down in the above and other cases, in that it fails to establish the alleged oral agreement by clear and convincing proof and fails to establish the rendition of services as alleged in the petition.

The expressions attributed to deceased that he intended to provide for plaintiff, or had provided for him, in his will, not made in the presence of plaintiff, were not sufficient to prove a contract. [Feiden v. Gibson, (Mo.) 218 S. W. (2d) 105.]

■ The services alleged in the petition were: "plaintiff served as a companion and associate of said decedent regularly, brought him food, waited upon said decedent taking care of his personal needs, the said decedent being almost helpless, gave said decedent medicine and medical treatment prescribed by physicians, including colonic irrigations, drove said decedent in his car in and about the city and county of St. Louis, looked after, attended to and ran personal errands of said Samuel Rosenberg and did various and sundry other acts and deeds for him . . ."

The evidence to establish any of those allegations was meagre and contradicted. Such evidence was oral and the chancellor, who saw and heard the witnesses, was in a better position to pass upon its credibility than we are. [Mercantile-Commerce Bank and Trust Co. v. Kieselhorst Co. et al., 350 Mo. 30, 164 S. W. (2d) 342.]

■ Plaintiff contends that he is entitled to specific performance because the services rendered cannot be readily valued in money, citing such cases as Selle v. Selle, 337 Mo. 1234, 88 S. W. (2d) 877, and Powers v. Mercantile-Commerce Bank and Trust Co., (Mo.) 217 S. W. (2d) 375. He also contends that, even though we find the evidence insufficient to award specific performance, he should be granted a judgment for the reasonable value of his services, citing Selle v. Selle, supra, and Hardy v. Dillon, (Mo. App.) 207 S. W. (2d) 276.

The complete answer to both of those contentions is that the evidence was insufficient either to establish the contract or to clearly prove the rendition of services. Each of the cases cited by plaintiff held that *the contract being proven*, although the evidence was insufficient to justify specific performance, the claimant was entitled to ■ a judgment for the reasonable value of his services. But we have been cited to no case holding that, in a suit for specific performance

of a contract, a judgment in quantum meruit may be rendered without first proving the contract. Our holding has been to the contrary. [Feiden v. Gibson, (Mo.) 218 S. W. (2d) 105. See also Brown v. Clark's Estate, (Mo. App.) 207 S. W. (2d) 530.]

■ One other point made by plaintiff must be noticed. In rebuttal, plaintiff's counsel put plaintiff on the stand and asked him: "What if anything did you do for Samuel Rosenberg in his lifetime?"

Defendants' objection to the question was sustained. Then plaintiff's counsel offered to prove by his client that he made the agreement and performed the services alleged in the petition, claiming that defendants had made such testimony competent by offering the testimony of Mrs. Steiner and Nathan Rosenberg "that Frank [meaning plaintiff] had done nothing for him [the deceased] or words to that effect."

This offer was rejected and plaintiff claims error, citing Albright v. Davis, (Mo. App.) 64 S. W. (2d) 121, l. c. 124. That case does not support plaintiff's contention that his incompetency as a witness was waived. There it was not claimed that the witness was incompetent to testify because one of the parties to the contract was dead. The witness was not a party to the contract and was not interested in the result of the suit. It was claimed that his testimony was privileged because he had formerly represented deceased as his attorney and gained certain information as such attorney. The court of appeals held that the privilege had been waived by defendant's cross-examination of the witness.

Section 1887, Revised Statutes Missouri 1939, [Mo. R. S. A.] provides, among other things, ". . . that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead . . . the other party to such contract or cause of action shall not be admitted to testify . . ."

Under the express terms of the statute, plaintiff was incompetent as a witness and his incompetency was not waived merely because defendants introduced testimony tending to prove that plaintiff had rendered no services. [Thomas v. Fitzgerald's Estate, (Mo. App.) 297 S. W. 425; Teats v. Flanders, 118 Mo. 660, 24 S. W. 126; Oliver v. Johnson, 238 Mo. 359, 142 S. W. 274; Bussen v. Del Commune, 239 Mo. App. 859, 199 S. W. (2d) 13.]

On the record the finding of the chancellor is correct and the judgment is *affirmed*. All concur.